UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| REVEREND LISA MARIA MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:11-cv-42- SEB-TAB |
| vs. ) | |
| ) | |
| CURTIS M. CARLSON, et. al, ) | |
| ) | |
| Defendants. ) | |

# ENTRY ON PLAINTIFF'S RESPONSE
# TO SHOW CAUSE ORDER
(Docket No. 19)

This case was filed by Plaintiff, *pro se*, on April 14, 2011. In the nearly thirteen (13) months that have transpired since, the case has not moved forward at all.

At the end of January 2012, the Court ordered Plaintiff: (1) to state with specificity the injunctive relief she is seeking; (2) identify each defendant from whom she seeks injunctive relief; and (3) supplement her complaint by alleging facts sufficient to support a plausible claim for relief pursuant to the Americans with Disabilities Act. [Docket Nos. 7 & 8.] On February 12, 2012, Gary, Indiana attorney, J. Allen Johnson, entered an appearance on behalf of Plaintiff, but the case has still not moved forward.

Indeed, after Attorney Johnson entered his appearance, there were further delays. First, Attorney Johnson delayed approximately two months before getting registered for electronic filing and service in this District. Then, Attorney Johnson failed to comply with the March 30, 2012, extended deadline to correct the pleading deficiencies.

On April 11, 2012, the Court issued an Order to Show Cause why the case should not be

dismissed for Plaintiff's failure to perfect service on the defendants and otherwise comply with the Court's orders, but Attorney Johnson did not respond. Instead, his legal secretary responded on his behalf, preparing a document and signing his name to it without first consulting him, explaining that Attorney Johnson was out of town tending to a sick relative and "has no knowledge of the Order to Show Cause that was dated 4/11/12, since I, his secretary, was the only one to open the ECF today, and have not been able to get into [sic] touch with Attorney Johnson as of yet." [Response to Order to Show Cause at Docket No. 19.] The secretary asked the Court "to please give us one last extension of time in order to do what the Court has asked us to do." Id.[1]

The Court attempts to be reasonable in response to parties and their counsel when unexpected personal issues arise, but the forbearance required in this case exceeds all reasonable bounds. We shall thus allow Plaintiff one final extension of time, not to extend beyond <u>June 15, 2012</u>, within which to comply with the Entries at Docket Nos. 7 and 8 as well as the applicable federal and local rules of procedure. Further noncompliance will result in a dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

IT IS SO ORDERED.

Date: 05/14/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

J. Allen Johnson
everybodyrights112@gmail.com

---

[1] The Court will refrain from commenting on the ethics of an attorney leaving his secretary to prepare and sign his name on filings which the attorney has no knowledge of, but finds it rather concerning that in the days since that filing was made, Attorney Johnson has taken no steps to explain, supplement, or ratify it.